MATTER OF G——

In DEPORTATION Proceedings

A-7444373

*Decided by Board September 25, 1958*

Act of September 11, 1957, section 7—Eligibility, parent-child relationship—
Definitions in 1952 Act controlling.

An alien cannot qualify for relief under section 7 of the Act of September 11,
1957, on the basis of his relationship to a United States citizen child over
the age of 21, since such alien is not a "parent" as defined in section 14 of
the 1957 act and section 101(b)(1) and (2) of the Immigration and Na-
tionality Act.*

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable
at entry as an alien who was not a nonquota immigrant as specified
in his visa.

BEFORE THE BOARD

**Discussion:** This case is before us on appeal from a decision of
the special inquiry officer dated June 16, 1958, ruling that the alien
is ineligible for relief under section 7 of Public Law 85–316, deny-
ing all other discretionary relief, and ordering deportation. Re-
spondent was born in Hungary on December 23, 1897, and first
entered the United States in 1913. He became a naturalized United
States citizen on October 23, 1922, but lost his United States citizen-
ship through residence abroad between 1939 and 1950, when he re-
turned to the United States as the spouse of a United States citizen
with a section 4(a) visa.

Recently, respondent applied for naturalization as a former
United States citizen and as a result of this petition the Immigra-
tion Service learned that his second wife was granted a divorce on
the ground of desertion in the Chancery Court of New Jersey on
October 23, 1944, with the final decree being filed on January 24,
1945. It is conceded that the divorce was obtained purely by pub-
lication and that a copy of neither the petition nor the decree was
ever sent to respondent.

*Editor's Note: See *Matter of G——*, A-7444373, Interim Decision No. 1004,
which overrules this decision.

140

While respondent admits that his wife mentioned to him (perhaps in 1945) that she had gotten or was contemplating a divorce, he testified that he did not believe her statements since she had frequently threatened divorce in the past, had lived with him as his wife in Czechoslovakia in 1947, and had never presented him with any documents to this effect. Upon arrival in the United States, respondent was met at the boat by his son and his wife, in company with another man. The son took respondent to live with him, but a few days later respondent visited his wife (no longer living in their old home) and learned that she was living with the other man, whom she subsequently married.

The special inquiry officer held that respondent's defense of lack of knowledge of his wife's divorce was unavailing to defeat the ground of deportation, which was held sustained. The special inquiry officer denied respondent's application for relief under section 211(c), *nunc pro tunc*, because the special inquiry officer felt that respondent knew he was not the spouse of a United States citizen when he applied for admission.

Preexamination was also denied on the theory that even though respondent was eligible for section 203(a)(2) preference, he is excludable under section 212(a)(19). Moreover, respondent was held ineligible for suspension since he would be unable to prove good moral character, having furnished false information under oath in 1955 to a naturalization examiner and the District Court concerning his marital status.

On May 13, 1958, the Board held that because respondent was not the spouse of a United States citizen at the time of last entry, he was not entitled to nonquota status and that the deportation charge was clearly supported. The Board further held that since the record revealed that respondent was fully aware of the divorce and its effect at the time he testified on his naturalization petition, the special inquiry officer was correct in holding that respondent was unable to prove good moral character on the basis of these statements and, consequently, was ineligible for suspension and voluntary departure.

Moreover, the Board refused to grant a waiver of the ground of inadmissibility under section 211(c), *nunc pro tunc*, since respondent may have learned of his wife's divorce or may have become fully aware of its effect on his immigration status prior to utilizing this nonquota status as the spouse of a citizen to obtain entry into this country. Finally, the Board ordered a reopening of the record to permit respondent to apply for relief under the last clause of section 7 of the Act of September 11, 1957 (Public Law 85–316).

After a reopened hearing, the special inquiry officer ruled that respondent was ineligibile for relief under section 7 of Public Law

85–316, because respondent is not a "parent" as defined in section 101(b)(1), (2), respondent's son being over 21 years of age.

Section 14 of Public Law 85–316 states that:

Except as otherwise specifically provided in this Act, the definitions contained in subsections (a) and (b) of section 101 of the Immigration and Nationality Act shall apply to sections 4, 5, 6, 7, 8, 9, 12, 13, and 15 of this Act.

Since section 7 contains no such specific provision, the definitions found in the Immigration and Nationality Act apply and respondent is not a "parent." Hence, the alien is ineligible for administrative relief under section 7. The decision of the special inquiry officer is accordingly affirmed.

**Order:** It is hereby ordered that the order of the special inquiry officer be affirmed.